**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| MARVIN FRANK HALL, § | |
| § | |
| Plaintiff, § | CASE NO. 5:18-CV-00017-RWS-CMC |
| § | |
| v. § | |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Defendant. § | |

## ORDER

Petitioner Marvin Frank Hall, an inmate confined at the Pack Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus under 28 U.S.C. § 2254. The Court referred this matter to the Honorable Caroline M. Craven, who recommended the petition for writ of habeas corpus be denied and dismissed. Docket No. 20 ("R&R"). Petitioner objected to that recommendation. Docket No. 22. For the following reasons, Petitioner's objection is **OVERRULED**, and the Magistrate Judge's recommendation is **ADOPTED**.

As noted, the Magistrate Judge recommended the Court deny Petitioner's requested relief. Docket No. 20. The R&R addressed Petitioner's claims concerning his conviction in Franklin County, Texas for Assaulting a Family Member with a Previous Conviction, cause number 8796. It found that any challenge to Petitioner's original deferred adjudication proceeding was barred by the applicable one-year limitations period. Additionally, the R&R found several of Petitioner's claims unexhausted and procedurally defaulted. Further, the R&R found Petitioner's remaining claims were waived by his plea of guilty.

Petitioner's only objection claims that the R&R related to his DWI conviction, failing to address his assault conviction. Docket No. 22. But, under *de novo* review, he is incorrect. A previous petition for writ of habeas corpus addressed Petitioner's DWI conviction, *see Hall v. Director*, Civil Action No. 5:15-cv-157 (E.D. Tex. 2018). This case and the R&R, however, relate to Petitioner's assault conviction. *See* Docket No. 20. Thus, Petitioner's objection is **OVERRULED**.

With respect to the unobjected-to portions of the R&R, Petitioner is not entitled to *de novo* review here, nor is he entitled to appellate review, except upon grounds of plain error. 28 U.S.C. § 636(b)(1)(C); *Douglass v. United Services Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Nonetheless, the Court has reviewed the pleadings in this cause and the R&R and agrees with the R&R's recommendation. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants, . . . .' ") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)).

As the relevant state court records revealed, Petitioner initially pleaded guilty to the charge of Assault of a Family/Household Member with a Previous Conviction on August 16, 2013. *See* SHCR at 3-10 (Docket No. 12-1 at 3–9); *see also* R&R at 6. Pursuant to a written plea agreement, Petitioner received deferred adjudication probation and was placed on community supervision for a term of five years. SHCR at 10–12. However, on November 25, 2013, the State filed a motion to proceed with adjudication of guilt based on Petitioner's violation of the conditions of his probation. On September 5, 2014, following his plea of true to the alleged violations of the terms and conditions of his probation, Petitioner was adjudged guilty of the offense of Assault of a Family/Household Member with a Previous Conviction. *See* SHCR at 16-23 (Docket No. 12-1 at

16–23). Petitioner was then sentenced to a term of ten years' imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division. *Id.* at 23.

As the Magistrate Judge found, a review of the record reveals Petitioner's pleas of true to the violations of the terms of his probation were made both knowingly and voluntarily. Petitioner was admonished by the judge regarding his rights and range of punishment. Petitioner was notified that the charge was a third-degree felony and that he could receive a sentence of imprisonment ranging from not less than two years to not more than 10 years. Petitioner acknowledged that he had received the admonishments and had the same explained to him by his attorney, that he fully understood the admonishments and that he was fully aware of the consequences of his plea. Additionally, Petitioner acknowledged that he was mentally competent and that his plea was freely and voluntarily entered.

Finally, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the

penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by Petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Thus, a certificate of appealability shall not be issued.

The Court, having conducted a *de novo* review of the objection, record evidence and pleadings, concludes the objection is without merit. *See* FED. R. CIV. P. 72(b). Accordingly, Petitioner's objection is **OVERRULED**. The R&R is **ADOPTED**. It is

**ORDERED** that Petitioner's petition for a writ of habeas corpus is **DENIED**. All relief not previously granted is **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 2nd day of June, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE